IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. BONNER,<br><br>    Plaintiff,<br><br>  v.<br><br>AM CAL HOME LOANS, INC., et al.<br><br>    Defendants.<br>_____/ | No. C 10-03788 SI<br><br>**ORDER RE: NOTICE OF VOLUNTARY DISMISSAL AND CONTINUING HEARING ON DEFENDANTS' MOTION TO DISMISS** |

On December 31, 2010, plaintiff Charles A. Bonner filed "Notice of Voluntary Dismissal," in which he moved the Court to issue an order dismissing all federal claims regarding the Grande Vista property. Plaintiff indicated that he would maintain and prosecute all remaining state claims against all defendants. As authority for his motion, plaintiff cited Federal Rule of Civil Procedure 41.

Defendants Dave Cunningham, Barton N. Dreyer, Equity Trust Company Custodian FBO Karen M. Neal, Equity Trust Company, Custodian FBO Dave Cunningham, Equity Trust Company, Custodian FBO John Montros, Elizabeth C. Haines, Joe O. Haines, Anne C. Mahnken, Charles H. Mahnken, John Montrose, Karen M. Neal, Mary F. Sirvatka, and Bruce Yarian ("defendants") — who currently have a motion to dismiss pending before the Court — have responded to argue that a plaintiff cannot voluntarily dismiss only some claims against a defendant. Rather, a plaintiff must amend the complaint if he wishes to drop only some of the claims.

Defendants cite *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389 (9th Cir. 1988). In *Ethridge*, the Ninth Circuit held that "a plaintiff may not use Rule 41(a)(1)(I) to dismiss, unilaterally, a single claim from a multi-claim complaint." *Id.* at 1392. The court relied in part on the "Moore treatise on federal procedure, which convincingly argues that Federal Rule of Civil Procedure 15(a) is

the appropriate mechanism '[w]here a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants.'" *Id.* (quoting 5 J. Moore, J. Lucas & J. Wicker, Moore's Federal Practice ¶ 41.06-1, at 41-83 to -84 (1987)). In contrast, Rule 41 is appropriate "to effect a complete dismissal as to all defendants, or a partial dismissal of all claims against one codefendant." *Id.* (citations omitted).

For the foregoing reasons, plaintiff's motion is DENIED. (Doc. 28.) However, the Court grants plaintiff leave to amend. Any amended complaint must be filed **by 5:00 p.m. on January 21, 2011.** The hearing on defendants' motion to dismiss (doc. 7) currently scheduled for January 21, 2011 is CONTINUED to **9:00 a.m. on February 18, 2011.**

**IT IS SO ORDERED.**

Dated: January 13, 2011

SUSAN ILLSTON
United States District Judge